28 So.2d 730

**GILBERT, Director of Department of Public Safety, v. FOLKES.**

4 Div. 441.

Supreme Court of Alabama.

Jan. 16, 1947.

Wm. N. McQueen, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the petition.

Alto V. Lee, III, of Dothan, opposed.

PER CURIAM.

Section 68, Title 36, Code of 1940, confers on county courts and other courts statutory and limited jurisdiction to hear complaint by persons who have had their drivers' license revoked, "Except where such cancellation or revocation is mandatory under the provisions of this article." Said section defines what offenses require mandatory cancellation, towit:

" * * * Manslaughter resulting from the operation of a motor vehicle; driving a motor vehicle by a person who is an habitual user of narcotic drugs or while intoxicated; any felony in the commission of which a motor vehicle is used; failure to stop and render aid as required under the laws of this state in the event of a motor vehicle accident resulting in the death or personal injury of another; perjury or the making of a false affidavit or statement under oath to the director of public safety under this article or under any other law relating to the ownership or operation of motor vehicles; conviction, or forfeiture of bail not vacated, upon three charges of reckless driving committed within a period of twelve months. * * *."

The statute provides also, " * * * For the purposes of this article the term 'conviction' shall mean a final conviction. * * *."

The statute conferring this limited jurisdiction does not provide for appeal from the judgment of the court restoring a license to the Court of Appeals and § 744, Title 7, Code of 1940, does not provide for an appeal but provides for an agreed stipulation of facts in lieu of a bill of exceptions, in cases wherein appeals are otherwise authorized. No statute has been cited which authorizes appeal from the county court direct to the Court of Appeals.

The writ of certiorari is, therefore, denied.

Writ denied.

All the Justices concur.