John RUDDER and Doris Rudder, Appellants,

v.

UNITED STATES of America, Appellee.

No. 12313.

United States Court of Appeals District of Columbia Circuit.

Argued May 12, 1955.

Decided July 21, 1955.

Mr. Joseph Forer, with whom Mr. David Rein was on the brief, for appellants.

Mr. Carl W. Belcher, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., Lewis Carroll and Joseph A. Rafferty, Jr., Asst. U. S. Attys., Roger P. Marquis, Chief, Appellate Section, Dept. of Justice, and Thomas L. McKevitt, Atty., Lands Division, Dept. of Justice, were on the brief, for appellee.

Mr. James H. Heller, Washington, D. C., filed a brief on behalf of the American Civil Liberties Union, as amicus curiae, urging reversal.

Before EDGERTON, BAZELON and WASHINGTON, Circuit Judges.

EDGERTON, Circuit Judge.

In 1952 the Rudders became tenants from month to month of an apartment in Lincoln Heights Dwellings, a low-cost housing development in the District of Columbia constructed under the United States Housing Act of 1937.[1] The United States owns the property and the National Capital Housing Authority manages it.

In 1953, in supposed compliance with the Gwinn Amendment,[2] the Housing Authority asked the Rudders and other tenants to sign a so-called "Certification of Nonmembership in Subversive Organizations", which contains the words: "I hereby certify that I am not a member of any of the organizations listed in the document entitled 'Consolidated List, Dated November 10, 1952, of Organizations Designated by the Attorney General of the United States As Within Executive Order No. 9835' * * *." A list, under that title, accompanied the Certification which the Rudders were asked to sign.

Executive Order 9835 [5 U.S.C.A. § 631 note] authorized consideration, "in connection with the determination of disloyalty" of government employees, of various matters including "Membership in, affiliation with or sympathetic association with any foreign or domestic organization, association, movement, group or combination of persons, designated by the Attorney General as [1] totalitarian, [2] fascist, [3] communist, or [4] subversive, or [5] as having adopted a policy of advocating or approving the commission of acts of force or violence to deny other persons their rights under the Constitution of the United States, or [6] as seeking to alter the form of government of the United States by unconstitu-

1. 50 Stat. 888, as amended, 42 U.S.C.A. § 1401 ff.

2. "That no housing unit constructed under the United States Housing Act of 1937, as amended, shall be occupied by a person who is a member of an organ-

ization designated as subversive by the Attorney General: *Provided further*, That the foregoing prohibition shall be enforced by the local housing authority * * *." 66 Stat. 403, 42 U.S.C.A. § 1411c.

tional means." (Numbers added.) 3 C. F.R. 132, 1947 Supp., E.O. 9835.

The Consolidated List that accompanied the Certification named nearly 200 organizations. It did not indicate that the Attorney General had designated any as "subversive". It indicated nothing more than that all had been "designated by the Attorney General of the United States as within Executive Order No. 9835." The Attorney General had, in fact, designated very few organizations as subversive. In 1948 he designated many as "Totalitarian", many as "Fascist", more as "Communist", a few as advocating violent denial of the rights of others, and a few as seeking to alter the form of government by unconstitutional means. At that time he designated only six as "Subversive". 13 Fed.Reg. 6137–6138. A "List of Organizations Designated by the Attorney General Pursuant to Executive Order No. 9835 [Revised]", in the 1952 Cumulative Pocket Supplement to the 1949 edition of the Code of Federal Regulations, Title 5, (pp. 123, 126) designates only 13 organizations as "Subversive".

The Rudders refused to sign the Certification. For that reason, the United States served them with notice to quit and afterwards brought this suit for possession. The Municipal Court of Appeals affirmed a judgment for the plaintiff,[3] and we allowed this appeal.

■■ The District of Columbia Code provides that a tenancy from month to month may be terminated on 30 days' notice, and that a landlord may recover possession in the Municipal Court.[4] The Code does not require that a reason for termination be given. But those propositions do not decide this case. The government as landlord is still the government. It must not act arbitrarily, for, unlike private landlords, it is subject to the requirements of due process of law. Arbitrary action is not due process.

In our opinion the United States acted arbitrarily in undertaking to evict the Rudders. Their refusal to deny that they were members of any organizations on the Consolidated List was not proof that they were members. Even proof that they were members of, e. g., a "totalitarian" organization, knowing nothing of its character, would be an arbitrary ground for an administrative decision to evict them from public housing. Cf. Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216 (dismissal from State employment); Shachtman v. Dulles, 96 U.S.App.D.C. ——, 225 F.2d 938, (denial of passport).

■ The Attorney General gave the organizations and their members no hearing before he designated the organizations as within Executive Order 9835. The Housing Authority gave the Rudders no hearing before it undertook to evict them. If it had used supposed membership only as "prima facie evidence of disqualification", a different question would have been presented. Adler v. Board of Education, 342 U.S. 485, 495, 72 S.Ct. 380, 96 L.Ed. 517. Moreover, the Attorney General's list was intended for use in screening employees, not tenants. Yet even as an employee, a member of a listed organization is not automatically disqualified. "Neither Congress nor the President has seen fit to make membership in any organization designated by the Attorney General cause for removal from Government employment." Kutcher v. Gray, 91 U.S.App.D.C. 266, 270, 199 F.2d 783, 787. Even as against the organization itself, the designation is not conclusive. Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 71 S.Ct. 624, 95 L.Ed. 817. As against a member of the organization, whatever validity the designation may have in connection with the purpose for which it was intended, in connection with other purposes it may not even be evidence. United States v. Remington, 2 Cir., 191 F.2d 246, 252; Swan, Chief Judge, and Augustus N. Hand and Learned Hand, Circuit Judges. Cf. Shachtman v. Dulles, supra.

■■ Accordingly this case does not present the question whether it would be

---

3. Rudder v. United States, D.C.Mun.App., 105 A.2d 741.

4. D.C.Code 1951, §§ 45–902, 45–910, 31 Stat. 1382, 35 Stat. 623.

arbitrary to evict persons proved to be, e. g., "subversive". It does not present the question whether it would be arbitrary to evict the Rudders if it were proved that an organization was "subversive", that they were members of it, and that they knew its character. Cf. Garner v. Board of Public Works, 341 U.S. 716, 71 S.Ct. 909, 95 L.Ed. 1317; Adler v. Board of Education, 342 U.S. 485, 72 S.Ct. 380, 96 L.Ed. 517.

The government contends that the Gwinn Amendment[5] required it to evict the Rudders. But construing the language of the Amendment strictly, as we must in order to avoid a serious question as to the constitutionality of this Act of Congress, we conclude that it does not touch this case. We have pointed out that most of the organizations on the Consolidated List were not designated as subversive[6] by the Attorney General, and that the Rudders were not shown to be members of any organization.

Reversed.

5. Supra note 2.

6. Some other courts have recognized this. Peters v. New York City Housing Authority, 307 N.Y. 519, 121 N.E.2d 529, 532–533; Housing Authority of Los Angeles v. Cordova, Superior Court, County of Los Angeles, App.Div., 130

Cal.App.2d Supp. 883, 279 P.2d 215, 217. Cf. Chicago Housing Authority v. Blackman, 4 Ill.2d 319, 122 N.E.2d 522; Lawson v. Housing Authority of Milwaukee, No. 259, Wis., 70 N.W.2d 605 (Gwinn Amendment considered unconstitutional).