409 F.2d 16
 Alice T. RODES, Guardian ad Litem for Melania DeSzirmay,
individually and as administratrix for the Estate
of William Z. DeSzirmay
v.
MUNICIPAL AUTHORITY OF the BOROUGH OF MILFORD.
Alice T. Rodes, Guardian ad Litem, Appellant.
 No. 17227.
 United States Court of Appeals Third Circuit.
 Argued Dec. 6, 1968.
Decided Jan. 13, 1969, Rehearing Denied Feb. 11, 1969.
 
 Alice T. Rodes, pro se.
 Paul A. Barrett, Nogi, O'Malley & Harris, Scranton, Pa. (Eugene Nogi, Scranton, Pa., on the brief), for appellee.
 Before HASTIE, Chief Judge, and KALODNER and VAN DUSEN, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 This action was brought by a resident of Milford Township, Pike County, Pennsylvania, against the Municipal Authority of the Borough of Milford, an agency established for the purpose of furnishing water to the residents of Milford Borough, for allegedly wrongfully diverting the plaintiff's water supply in such a manner as to deprive her of her civil rights in violation of section 1983 of title 42, United States Code. The district court entered an order granting the defendant's motion to dismiss the complaint. This is an appeal from that order.
 
 
 2
 The district court had before it a fifty-seven paragraph complaint and several amendments. The complaint, drafted without the assistance of a lawyer, contains a narrative of events which the plaintiff believes have involved violations of her civil rights. Her troubles seem to have begun with a 1955 deed, said to have been 'involuntarily' given by the plaintiff and her husband to a land developer, and a related agreement upon which the developer successfully sued the present plaintiff for specific performance. Following the dismissal of a petition to vacate that judgment, the plaintiff appealed to the Pennsylvania Supreme Court. Ultimately, she discontinued the appeal 'on advice of attorney handling same.' The complaint continues with allegations of inadequate assistance of formerly retained counsel and questionable ethics and practices of formerly retained counsel and executives of the defendant.
 
 
 3
 In 1966, the controversy came to focus on the supplying of water. The complaint alleges various unsuccessful attempts of the plaintiff to secure adequate water service. Without reciting with specificity the acts of the Authority which have worked as an infringement upon her civil rights, the plaintiff has recited a history of grievances and disputes with the Authority over billed arrearages and inadequate service.
 
 
 4
 The plaintiff also complains that a 'special water agreement' was struck between the land developer who had defeated her in the suit in equity and the Authority, the Borough of Milford, 'and possibly the County of Pike', in violation of a 'Borough Council Ordinance', and 'Public trust'. The object of this 'agreement' is said to be the development of a subdivision contiguous to the plaintiff's property. Certain public officials are alleged to have personal interests in the subdivision. It does not appear what there is in this agreement which arguably deprives the plaintiff of any federal civil rights.
 
 
 5
 A plaintiff is required to set forth alleged misconduct and resultant harms in a way which will permit an informed ruling whether the wrong complained of is of federal cognizance. Mere conclusionary allegations that unspecified constitutional rights have been infringed will not suffice. The reguirement of specificity is particularly important in such a case as this in order that the Civil Rights Act not be misused as a device for federal review of a state court judgment, or for litigating state law claims cognizable only in the state courts.
 
 
 6
 We have observed that the preparation of the complaint in this case and the perfection of this appeal have both been accomplished without the assistance of a lawyer. The appellant's kinswoman who has served as her 'attorney in fact' has diligently expended much time and effort in this matter. However, the failure of the complaint to disclose any federal wrong indicates the wisdom of the district court's suggestion to the plaintiff that professional counsel should be retained, especially where, as here, the controversy has involved many transactions and no tenable theory of federal wrong is apparent. The judgment will be affirmed.