430 F.2d 1125
 Mary JOHNSON, on behalf of herself and all others similarly situated, Appellant,
v.
A. J. TAMSBERG, Executive Director, Housing Authority of the City of Charleston, Appellee.
 No. 13941.
 United States Court of Appeals, Fourth Circuit.
 Argued June 4, 1970.
 Decided July 31, 1970.
 
 William L. Runyon, Jr., Charleston, S. C., for appellant.
 Morris D. Rosen, Charleston, S. C. (Legare, Hare & Smith, Charleston, S. C., on brief) for appellee.
 Before SOBELOFF, CRAVEN and BUTZNER, Circuit Judges.
 SOBELOFF, Circuit Judge:
 
 
 1
 The plaintiff, a public housing tenant in Charleston, South Carolina, brought this class action to challenge the administrative procedures by which the Housing Authority decided to remove her from her rented quarters. She seeks declaratory and injunctive relief.
 
 
 2
 The facts of the case are as follows. On June 4, 1969 the Housing Authority Director, defendant Tamsberg, witnessed plaintiff's son breaking window panes in a Housing Authority unit. Further investigation convinced him that this was not an isolated incident and that Mrs. Johnson's children had been involved in a long series of destructive acts. Based on this information Tamsberg informed her that day that termination of the lease would probably follow and explained why. Then, on June 6, 1969 Mrs. Johnson received a "Notice of Termination of Lease and Impending Eviction." This notice ascribed "vandalism and destruction of Housing Authority property" as the reason. Tamsberg had two subsequent conversations with plaintiff, one in person and one by phone, in which he explained the basis for the Housing Authority's proposed action.
 
 
 3
 Having been warned of what was to come, plaintiff on July 8 commenced this federal suit. The gist of the complaint was that as a constitutional matter the Housing Authority was required to hold an administrative evidentiary hearing with adequate notice before finalizing its decision to proceed for a judicial order of eviction.
 
 
 4
 The next day, thirty-four days after the initial written notice, the Housing Authority initiated formal eviction proceedings in the state court by causing service of a Notice to Quit. The case proceeded to hearing, and on July 29 a County Court jury trial was held in which seven witnesses testified to the acts of vandalism by the Johnson children and were subjected to extensive cross-examination. Then, after the mother, responding to a direct question, failed to deny the Housing Authority allegations and after her counsel conceded the factual issue, the judge directed a verdict for the landlord.
 
 
 5
 The District Judge rendered his decision on August 7, noting that the South Carolina statute affords tenants full opportunity to contest the factual basis for eviction. He made the further significant observation that in the state court proceeding Mrs. Johnson was accorded that opportunity and admitted the facts asserted by the Housing Authority. Accordingly, the District Judge held the plaintiff's claim insubstantial and denied relief.[1] This appeal followed.
 
 
 6
 Plaintiff argues that while Thorpe v. Housing Authority of City of Durham, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969), had reserved the question as to whether constitutionally a tenant may be evicted without being accorded full notice and hearing, the recent case of Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), dealing with the analogous question of termination of welfare benefits, dictates that these due process safeguards are to be observed in the housing context as well.
 
 
 7
 Plaintiff puts reliance upon Escalera v. New York City Housing Authority, 425 F.2d 853 (2d Cir. 1970), in which the Second Circuit ordered the New York City Housing Authority to upgrade its administrative procedures to meet Goldberg due process standards. Plaintiff asks that we order similar relief in this case. We decline to do so because we think Escalera inapposite.
 
 
 8
 The sharp distinction between the two cases is that under the New York eviction procedure, administrative decisions to evict, reached in Escalera without observing due process safeguards, were enforceable without any judicial review of the factual basis of the administrative action. In the South Carolina scheme, on the other hand, in order to obtain an eviction order the Housing Authority must prove its allegations. There is a full trial in which the tenant may demand a jury.[2] Thus in Charleston, unlike New York in Escalera, public housing tenants are not actually ejected until basic due process requisites are satisfied.[3] That is precisely what happened in this case.
 
 
 9
 We have then no Escalera situation, where, because of the New York scheme, it was necessary to order relief in the administrative process to insure due process to the tenants.[4] This case fits more properly under the Thorpe dictum:
 
 
 10
 Moreover, even if the Authority does not provide such a hearing, we have no reason to believe that once petitioner is told the reasons for her eviction she cannot effectively challenge their legal sufficiency in whatever eviction proceedings may be brought in North Carolina courts.
 
 
 11
 393 U.S. at 284, 89 S.Ct. at 527. Any substantial due process grievance that plaintiff might have had when she filed her complaint was mooted by the plenary hearing that she was afforded. There is no contention that the court hearing was inadequate in scope, or that the notice provided was insufficient to enable plaintiff's counsel to prepare for it.
 
 
 12
 Thus, the only question before us is whether the South Carolina policy of providing a hearing in court rather than before an administrative tribunal is constitutionally faulty. We have been offered no suggestion that the plaintiff was in any way disadvantaged or that the result in this case would have been different had the Housing Authority itself held the hearing. Hence the question is, at least on this record, purely academic.
 
 
 13
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 The District Judge also thought that relief was prohibited by the anti-injunction statute, 28 U.S.C. § 2283. Since we hold on the merits that plaintiff is not entitled to relief, we have no occasion to decide whether section 2283 would be a bar in the circumstances of this caseSee Cameron v. Johnson, 390 U.S. 611, 613 n. 3, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968).
 
 
 [2]
 See generally S.C.Code Ann. §§ 41-101-115 (1962).
 
 
 [3]
 S.C.Code § 41-101 provides that a "tenant may be ejected upon application of the landlord or his agent when (a) such tenant fails or refuses to pay the rent when due or demanded, (b) the term of tenancy or occupancy has ended or (c) the terms or conditions of the lease have been violated."
 There is a term in Mrs. Johnson's lease that makes the occupancy terminable at the will of the landlord on 30 days' notice. If the Housing Authority had attempted to utilize this to bring its ejectment action within section 41-101(b) above, thereby relieving itself of the obligation to prove the truth of its assertions in court, this case would have borne a closer resemblance to Escalera. In fact, however, the clause was not used in Mrs. Johnson's case. Moreover, we have no reason to doubt the Housing Authority's representation that the provision has never been enforced in the past and is no longer included in present lease forms.
 
 
 [4]
 For similar reasons this case is distinguishable from Caulder v. Durham Housing Authority (No. 14,095), presently pending in this court