Louise **BROWN**, individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

The **HOUSING AUTHORITY OF** the **CITY OF MILWAUKEE** et al., Defendants.

No. 71–C–512.

United States District Court, E. D. Wisconsin.

Feb. 1, 1972.

Patricia D. McMahon, Freedom Through Equality, Milwaukee, Wis., for plaintiffs.

John J. Fleming, City Atty., Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved to dismiss the complaint for failure to state a cause of action, and the plaintiffs have moved for judgment on the pleadings. A separate motion has been filed by the defendants Fry and Vogel asking for dismissal in their individual capacities.

In their complaint, the plaintiffs have challenged the sufficiency of the procedure employed by the housing authority of the city of Milwaukee in terminating month to month tenancies in public housing. When such a tenancy is terminated for reasons other than nonpayment of rent, the housing authority causes a 28-day or 30-day notice to be served. Such notice does not contain a written statement of the reasons for the termination nor is an administrative hearing available at which the tenant can question the propriety of such termination. A tenant is told orally of the reasons for the termination, but no hearing is provided at the administrative level. If an eviction action is subsequently started in the state court, a judicial hearing into the reasons for eviction is held. Dickhut v. Norton, 45 Wis.2d 389, 173 N.W.2d 297 (1970); § 291.07 Wis.Stats.1967.

The defendants urge that the availability of a hearing when the matter is brought to the state court satisfies the due process requirements found in such cases as Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), and Thorpe v. Housing Authority, 386 U.S. 670, 678, 87 S.Ct. 1244, 18 L.Ed.2d 394 (1967) (concurring opinion). The

defendants also rely on Thorpe v. Housing Authority, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969); Johnson v. Tamsberg, 430 F.2d 1125 (4th Cir. 1970); Randell v. Newark Housing Authority, 384 F.2d 151 (3d Cir. 1967), cert. denied, sub nom. Avent v. Newark Housing Authority, 393 U.S. 870, 89 S.Ct. 158, 21 L.Ed.2d 139 (1968).

The plaintiffs argue that, by analogy, Goldberg v. Kelly, supra, requires an administrative hearing prior to the termination of a public housing tenancy for reasons other than nonpayment of rent. Such result was reached in Caulder v. Durham Housing Authority, 433 F.2d 998 (4th Cir. 1970), cert. denied Housing Authority of City of Durham v. Caulder, 401 U.S. 1003, 91 S.Ct. 1228, 28 L.Ed.2d 539, (1971), and Escalera v. New York City Housing Authority, 425 F.2d 853 (2d Cir. 1970), cert. denied, 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91 (1970).

The fact that tenants in Wisconsin public housing are afforded a hearing in the eviction action in the state court does not, in my judgment, negate the need of procedural due process at the time that notice of termination is given. Such subsequent review, in the words of *Escalera* (supra, p. 866), "cannot be a substitute for fair procedures in the decision of the HA [Housing Authority] in the first instance."

The hearing contemplated in Goldberg v. Kelly (supra, 397 U.S. p. 267, 90 S.Ct. 1011) must be conducted "at a meaningful time"; if a public housing occupant is served with a 30-day notice requiring him to vacate, it is unrealistic to ignore the hardship which will follow from his being obligated to wait until he is summoned into court at the end of the 30-day period. Unless he has the opportunity at the outset of the 30-day period to challenge the reasons for his removal, he is effectively denied procedural due process.

As the court observed in *Escalera* (supra, p. 864), only the "boldest tenant" would be prepared to obtain counsel

and resist the eviction in court proceedings. As a practical matter, many tenants in low-cost public housing facilities would be obliged to look for relocation housing shortly after being served with a 30-day notice, since they could not afford to engage in a courtroom confrontation or to await the outcome of such trial.

The defendants rely upon Thorpe v. Housing Authority, 393 U.S. 268, 284, 89 S.Ct. 518, 527, 21 L.Ed.2d 474 (1969), and quote the following language therefrom:

".  .  . we have no reason to believe that once petitioner is told the reasons for her eviction she cannot effectively challenge their legal sufficiency in whatever eviction proceedings may be brought in the North Carolina courts."

The foregoing decision preceded Goldberg v. Kelly; in regard to the latter, the court of appeals for the fourth circuit in *Caulder* (supra, p. 1001) quoted the very same language from *Thorpe*, but went on to rule, at page 1002:

"Other courts, in other contexts, have held that state-created, federally-funded, locally-administered housing authorities are constrained to conduct their operations within the limits of the due process clause of the fourteenth amendment. Rudder v. United States, 96 U.S.App.D.C. 329, 226 F.2d 51 (1955); Holt v. Richmond Redevelopment and Housing Authority, 266 F.Supp. 397 (E.D.Va. 1966); Thomas v. Housing Authority of City of Little Rock, 282 F.Supp. 575 (E.D.Ark.1967).

"Whatever question there might have been in the application of the due process clause or the scope of the protection which it affords with regard to the eviction of tenants in public housing has been laid to rest by the decision in Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970)."

I am persuaded that the availability of a prospective hearing in state court is not a sufficient basis for rejecting the relief sought by the plaintiffs in the case at bar. This result was also reached by the court of appeals for the fifth circuit in Glover v. Housing Authority, 444 F.2d 158 (5th Cir. 1971), which said, at pages 161 and 162:

"The Authority argues further that there is no need for a Housing Authority hearing in this case because the district court conducted an evidentiary hearing. But we think this argument misses the point that it is a hearing within the administrative framework to which Mrs. Glover is entitled."

A similar view was expressed by the Wisconsin Supreme Court in its recent decision in Housing Authority v. Mosby, 53 Wis.2d 275, 192 N.W.2d 913 (decided January 4, 1972). See also Neddo v. Housing Authority, 335 F.Supp. 1397 (E.D.Wis., 1971).

The department of housing and urban development, pursuant to 42 U.S.C. § 1408, has rule-making powers which it has executed through the release of various fliers and circulars. As reflected on exhibit B attached to the plaintiffs' complaint, HUD has issued directions on February 22, 1971 requiring an administrative hearing before termination in a public housing project. In the recent decision of the Wisconsin Supreme Court, Housing Authority v. Mosby, supra, Justice Beilfuss, on behalf of the court, stated:

"We therefore hold that the HUD circular of February 22, 1971, insofar as it provides for a pre-eviction administrative hearing, is retroactive as to this case and as to any other similar public housing tenants who have been ordered evicted but are still in possession on the date of this decision."

The fact that tenants in low-rental public housing are entitled to administrative hearings pursuant to HUD circulars is also reflected in Glover v. Housing Authority, supra, and Citizens to

Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971).

The instant action is properly maintainable as a class action pursuant to Rule 23(b) (2), Federal Rules of Civil Procedure. Tenancies are terminated by the defendants in about 500 cases each year. While the defendants urge that "the vast majority" are terminations based on nonpayment of rent, it nevertheless is clear that a very large number are terminated for other reasons. In my opinion, it would be impractical to join the other plaintiffs. It follows that even though the notice of termination of tenancy as to the plaintiff Louise Brown has been withdrawn, this action is not moot.

I find no basis for the entry of judgment against either the defendant Fry individually or the defendant Vogel individually. The defendants also urge that their "attorneys", who are named in the caption of the action, should not be subject to a judgment; insofar as the word "attorneys" refers to the defendants' attorneys at law, this contention would appear to be correct. It is likely that the word was used, broadly, as a synonym for "agents". To avoid any confusion, the order will dismiss the action as to "attorneys".

Now, therefore, it is ordered that the motion of the defendant Fry and the motion of the defendant Vogel for dismissal of the plaintiffs' action as to them individually be and hereby is granted.

It is also ordered that the defendants' motion for dismissal as to "attorneys" be and hereby is granted, and that in all other respects the motions to dismiss be and hereby are denied.

It is further ordered that the plaintiffs' motion for judgment on the pleadings be and hereby is granted, except to the extent that the defendants' motion to dismiss has hereinabove been granted, and that a permanent injunction and judgment be entered granting the relief prayed for in paragraphs numbered 4, 5 and 7 of the ad damnum clause of the plaintiffs' complaint.