Doris J. WILSON, Appellant,

v.

LINCOLN REDEVELOPMENT COR-
PORATION, Appellee.

No. 73–1317.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 19, 1973.

Decided Nov. 9, 1973.

James A. Kushner, and James A. Gramling, Jr., Kansas City, Mo, for appellant.

James Wilson Spencer, Kansas City, Mo., for appellee.

Before LAY, BRIGHT and WEBSTER, Circuit Judges.

LAY, Circuit Judge.

This is an action brought under 42 U.S.C. § 1983 by Doris J. Wilson, a tenant residing in the Lincoln Garden Apartments, a low and moderate income housing complex, in Kansas City, Missouri. The complex is owned and operated by the defendant Lincoln Redevelopment Corporation. Plaintiff alleges that the defendant is attempting to terminate her tenancy, for breach of the conditions of her lease, without affording her due process of law. The district court granted defendant's motion to dismiss on the ground that plaintiff had failed to state a claim entitling her to relief. Mrs. Wilson appealed. We affirm.

Plaintiff entered into a written lease for a one-year tenancy on March 6, 1971. This has been amended on two subsequent occasions. Prior to the termination of such lease, plaintiff alleges that she was served with a notice requiring her to vacate her apartment within 30 days of July 20, 1972. The Building and Grounds Committee reviewed a factual summary of the incident and upheld the decision to evict her. Thereafter, a hearing was held at plaintiff's request and a hearing board composed of three members of the management group affirmed the Committee's decision to evict. Plaintiff alleges that her eviction by the defendant, acting under color of state law, was without proper notice and without a hearing before an impartial adjudicatory board and therefore in violation of the Fourteenth Amendment.

The district court found that the defendant was a quasi-governmental corporation and was obligated to afford its tenants due process of law in terminating their tenancies.[1] However, the district court held that due process would be afforded the tenant through the Missouri state court proceedings in an eviction action. Accordingly, the trial court dismissed the case under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure of the plaintiff to state a claim for relief.[2]

---

1. It is alleged that Lincoln Redevelopment Corporation receives substantial direct and indirect financial benefits from the state and federal governments. The allegations of federal subsidization and federal involvement under the National Housing Act are superfluous in an action under § 1983. The essential conduct must fall within the color of state law, not federal action. See, e. g., Browns v. Mitchell, 409 F.2d 593 (10th Cir. 1969); Norton v. McShane, 332 F.2d 855 (5th Cir. 1964), cert. denied, 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965); Grossner v. Trustees of Columbia University, 287 F.Supp. 535 (S.D.N.Y.1968).

At oral argument we indicated that the issue of state action was not before us since the district court had premised its decision on the basis that due process was afforded.

However, we do not in any way mean to indicate that the district court was correct in its finding as to state action. Under similar circumstances this court in Weigand v. Afton View Apartments, 473 F.2d 545, 547 (8th Cir. 1973) observed:

We know of no case that would extend the state action concept to a federally financed but privately owned and operated apartment house merely because a state assesses real estate taxes on this property at a lower rate than that assessed equivalent structures not similarly funded.

2. The district court had previously denied plaintiff's motion for a temporary restraining order. Although no temporary restraining order has issued, neither has the defendant brought an eviction suit in state court.

Plaintiff urges that under similar circumstances, in Brown v. Housing Authority of Milwaukee, 340 F.Supp. 114 (E.D.Wis.), aff'd, 471 F.2d 63 (7th Cir. 1972)[3] and Escalera v. New York City Housing Authority, 425 F.2d 853 (2d Cir.), cert. denied, 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91 (1970), the availability of state court eviction proceedings did not obviate the need for administrative due process. However, the district court distinguished these cases since the precise issue involved here is a charge of breach of the lease rather than termination of a month-to-month tenancy or an increase in rent. Thus it reasoned that a plenary trial in the state court satisfies basic requirements of due process where the only issue involves a breach of the lease. The trial court noted that in the circumstances of *Escalera* and *Brown* there existed no effective judicial review of the factual basis for the administrative action. This was the same reasoning applied in Johnson v. Tamsberg, 430 F.2d 1125 (4th Cir. 1970).[4] This precise question was left open in Thorpe v. Housing Authority of Durham, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969). See *Thorpe, supra* at 284, 89 S.Ct. 518; Johnson v. Tamsberg, *supra* 430 F.2d at 1126.[5] However, we need not decide the constitutional question here. We affirm the trial court for a different reason. We find that plaintiff's complaint is deficient in that it fails to factually plead a denial of administrative due process under § 1983.

In determining whether a complaint states a claim for relief, it is of course true that the pleadings should be construed in the light most favorable to the plaintiff and that all doubts should be resolved in favor of the sufficiency of the complaint. See, e. g., Gardner v. Toilet Goods Ass'n, 387 U.S. 167, 87 S. Ct. 1526, 18 L.Ed.2d 704 (1967); Mississippi River Fuel Corp. v. Slayton, 359 F.2d 106 (8th Cir. 1966). However, where the allegations are conclusory in nature, the court has a duty to measure these allegations in light of the factual claims actually made. Cf. 2A Moore's Federal Practice § 12.08 (2d ed. 1972).

Here, the complaint first alleges insufficient notice. As stated in *Escalera,* "[t]he purpose of requiring that notice be given to the tenant before the hearing is to insure that the tenant is adequately informed of the nature of the evidence against him so that he can effectively rebut that evidence." *Escalera, supra* 425 F.2d at 862.

The defendant has deferred action until the ultimate determination of this proceeding, and in the meantime plaintiff and her family still reside in the apartment.

3. In affirming, the Seventh Circuit found it unnecessary to pass on the procedural due process question decided by the district court since it found the Milwaukee Housing Authority's procedures were in violation of HUD's regulations. Brown v. Housing Authority of Milwaukee, 471 F.2d 63, 69 (7th Cir. 1972).

4. This decision is later explained in Caulder v. Durham Housing Authority, 433 F.2d 998, 1002 (4th Cir. 1970), cert. denied, 401 U.S. 1003, 91 S.Ct. 1228, 28 L.Ed.2d 539 (1971), where the court said:

It is significant that the final notice of termination on which the Housing Authority proceeded before the magistrate constituted an exercise of the unlimited power of termination contained in the lease. It did not condition termination on the fact that any covenant of the lease had been breached, or that the rent had not been paid. The case is thus different from Johnson v. Tamsberg, 430 F.2d 1125 (4th Cir. 1970), where the Housing Authority of Charleston did not seek to obtain summary ejection on the basis of the exercise of an unlimited discretion to terminate the tenancy but rather undertook to prove specific acts constituting a breach of the lease and justifying termination.

5. The Supreme Court in *Thorpe* observed, however:

Moreover, even if the Authority does not provide such a hearing, we have no reason to believe that once petitioner is told the reasons for her eviction she cannot effectively challenge their legal sufficiency in whatever eviction proceedings may be brought in the North Carolina courts.

*Thorpe, supra* 393 U.S. at 284, 89 S.Ct. at 527.

*Escalera,* however, involved vague one-sentence statements which alleged that tenants were guilty of "anti-social activities" and "illegal acts * * * having an adverse effect" on others. On the other hand, the timely notice given here sets forth the time, the date and a statement of the factual incident which constituted the grievance. The notice was attached to the plaintiff's complaint and adequately refutes plaintiff's conclusory allegation of insufficient notice.[6]

■ Plaintiff's basic claim, aside from her allegation of deficient notice, relates to the allegation that the hearing was not before an *impartial* committee.[7] Plaintiff's charge of partiality stems from paragraphs 12 and 13 of her complaint. Plaintiff alleges a denial of due process in that two members of the hearing panel here had substantial prior involvement in the case and had concluded that the plaintiff should be evicted.

■ We agree that if plaintiff is entitled to a hearing, it must be a fair one and therefore must be before an impartial body. However, "prior involvement" in itself is not sufficient to bar a person from acting as a "decisionmaker." Goldberg v. Kelly, 397 U.S. 254, 271, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

■ Here, what is alleged is that Earl D. Thomas, the Secretary-Treasurer of the corporation, had apprised the Building and Grounds Committee of "the facts" and that Vernon J. Brooks, as one of its members, voted on the basis of a written statement of these facts to evict plaintiff. The facts alleged simply show that these two men, representing management, were given the role of reviewing the incident in various steps of factual completeness. In our judgment these facts fall short of stating a prima facie complaint as to a biased hearing board.

■ One of the essential reasons behind the requirement of a preliminary administrative hearing vis-a-vis the state court proceeding relates to expediency and overall fairness to the tenant. See Brown v. Housing Authority of Milwaukee, 340 F.Supp. 114, 115–116 (E.D. Wis.), aff'd, 471 F.2d 63 (7th Cir. 1972). Similarly, management is given the timely opportunity to be dissuaded from perhaps costly and futile litigation if it can be immediately apprised of the facts surrounding the charge. But simply because management has been previously apprised of some of the facts and has made tentative judgments without a full hearing cannot by itself justify a charge of prejudice and inability of management to fairly review the facts more adequately developed. The critical determination here in assessing the

---

6. The notice sent by defendant to Mrs. Wilson, dated July 20, 1972, reads:

Dear Tenant:

I am calling your attention to a disturbance that was caused by you or persons in your family Saturday, July 15, 1972. It was necessary to call the Police, and a shot was fired that could have caused serious consequences if anyone had been in the livingroom of 1672 East 22nd Street.

The management and owners of Lincoln Garden consider this disturbance serious, and believe that it endangers the peace and tranquility of other tenants, their friends and our personnel.

In view of the seriousness of the disturbance it is necessary for us to invoke Article Number 22 of the Lease and request that you vacate the apartment that you reside within 30 days from date.

7. It is significant that the complaint alleges that there was in fact an administrative

hearing. Counsel conceded in oral argument that they were present at this hearing and given an opportunity to present witnesses and cross-examine adverse witnesses. Due process at an administrative hearing between tenant and landlord need not rise to the level of a formal trial-like adversary proceeding. It is, of course, to the tenant's benefit that it does not. The essential requirement is that the tenant be allowed to informally present his side of the facts, mitigating or otherwise, and confront the adverse witnesses. It is conceded that the tenant was afforded this opportunity. Although complaint is made of the lack of sufficient findings, the parties likewise concede that the reviewing committee made findings of fact and forwarded the findings to counsel. Cf. Caulder v. Durham Housing Authority, 433 F.2d 998, 1004 (4th Cir. 1970), cert. denied, 401 U.S. 1003, 91 S.Ct. 1228, 28 L.Ed.2d 539 (1971).

charge of partiality of the decisionmaker is whether in weighing the evidence he is required to call on his own personal knowledge and impression of what occurred. In such cases, the tenant would be deprived of his right to examine or cross-examine a crucial witness and the decisionmaker would become the arbiter of his own credibility and fairness. Cf. In re Murchison, 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942 (1955); Tyler v. Swenson, 427 F.2d 412 (8th Cir. 1970).

This is not the claim here.

■ Here, the essential pleading is that some members of management on the review committee were familiar with the facts, and that one member of the committee had reviewed a written factual summary and previously had voted to evict plaintiff. We do not think this disqualifies these individuals from forming a review panel with the President of the corporation to assess *newly developed evidence* and make the ultimate management decision to proceed or not.[8]

The principles of *Escalera, Brown* and *Caulder,* requiring administrative due process as enunciated in Goldberg v. Kelly, undoubtedly do much to overcome the traditional imbalance in the landlord-tenant relationship in public housing. However, we are confident that the elements of fairness they embody were not designed to impose hypertechnical requirements which totally circumvent the practical day-to-day processing of these grievances. When adequate and timely notice is given, a full administrative hearing is held, the right to have counsel, confrontation of adverse witnesses and the opportunity to call witnesses provided, as was done here, it is an abuse of the ends of *Goldberg* and its progeny to urge that due process is still violated.

In conclusion, we find that the trial judge's dismissal of the complaint should be affirmed. We feel it unnecessary to determine whether under the facts and circumstances here presented due process is satisfied solely by the state eviction proceeding or whether a preliminary administrative hearing was essential. We conclude, however, that the complaint is deficient in failing to factually plead a denial of administrative due process.

Judgment affirmed.

WEBSTER, Circuit Judge (dissenting).

I reluctantly dissent.

While I agree with almost everything the majority has said with respect to the showing required to sustain a civil rights action to enjoin an eviction by a quasi-public housing corporation, I must conclude that the District Court prematurely adjudicated the jurisdictional issue and that the majority opinion has erroneously assessed the merits of the case upon the pleadings alone.

Civil rights complaints are to be liberally construed, and are not to be dismissed unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of the facts which could be proved in support of his claim. Escalera v. New York City Housing Authority, 425 F.2d 853 (2d Cir.), cert. denied, 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed. 2d 91 (1970); Holmes v. New York City Housing Authority, 398 F.2d 262 (2d Cir. 1968); Barnes v. Merritt, 376 F.2d 8 (5th Cir. 1967). Nonetheless, something more than mere legal conclusions is required to sustain jurisdiction. Stanturf v. Sipes, 335 F.2d 224, 229 (8th Cir. 1964), cert. denied, 379 U.S. 977, 85 S.Ct. 676, 13 L.Ed.2d 567 (1965); Rodes v. Municipal Authority

---

8. In all landlord-tenant cases, the decision to proceed with eviction must ultimately rest within the exercise of management judgment. The essential feature of an administrative procedure is that the tenant be given a full opportunity to present his or her side of the grievance and to confront any adverse witnesses. Regardless of the evidence adduced at the hearing, management may still determine to proceed to state court to establish a breach of the lease. There is nothing binding, at least in the context of this case, upon management in the administrative process.

of Milford, 409 F.2d 16, 17 (3rd Cir.), cert. denied, 396 U.S. 861, 90 S.Ct. 133, 24 L.Ed.2d 114 (1969).

It seems to me that the complaint alleges with sufficient factual definiteness (1) that the appellee was a quasi-governmental corporation possessed of certain state governmental powers by reason of the Missouri urban redevelopment statute under which it was chartered; (2) that appellee threatened to evict appellant from her leased apartment; (3) that her special situation as tenant of low cost, subsidized housing entitled her to administrative due process before such tenancy could be terminated; (4) that the notice which she received was inadequate; (5) that the hearing which she received was not before an impartial tribunal, but instead was before interested officials of the corporation, at least one of whom had prejudged her case; and (6) that (4) and (5) deprived her of due process under color of state law.

I do not understand that one seeking to vindicate his civil rights must plead all the evidentiary facts any more than that his pleading of mere hyperbole or ultimate legal conclusions will satisfy the jurisdictional demands. I simply say that in this case appellant has set forth her claim with sufficient disclosure of the factual basis upon which she depends for her relief. It remains an open question whether upon a hearing she can demonstrate, under the particular circumstances of her case, that appellee was indeed acting under color of state law, and further that the notice was inadequate, that the hearing lacked requisite impartiality and that, in consequence, appellant was denied the degree of due process to which she was entitled. But I do not see how we can conclude from the bare pleadings, unsupported by any record, that appellant can prove no set of facts in support of her claim which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45–46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957); Lewis v. Chrysler Motors Corp., 456 F.2d 605 (8th Cir. 1972).

I would vacate the order of dismissal and remand this case to the District Court for further proceedings. If appellant's claims are in fact illusory, the Federal Rules of Civil Procedure provide the means to make such determination upon a sufficient development of the record, even before trial.[1]

---

1. "The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no *genuine* issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."
(Emphasis added) Fed.R.Civ.P. 56.