Gary R. ANDERSON et al., Appellants,

v.

SIXTH JUDICIAL DISTRICT COURT, ST. LOUIS COUNTY, STATE OF MINNESOTA, et al., Appellees.

No. 75–1178.

United States Court of Appeals, Eighth Circuit.

Submitted April 30, 1975.

Decided Aug. 28, 1975.

Appellants' typewritten briefs were filed pro se.

Warren Spannaus, Atty. Gen., and Joan Swartz, St. Paul, Minn., filed appellees' printed brief.

Before LAY, STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

Gary R. Anderson, Anthony J. Cresson, Rolf E. Huff, Warren E. Nelson, and Richard O. Thorstad, plaintiffs below, appeal from an order of the District Court granting summary judgment in favor of defendants.

Plaintiffs brought the action below against the Sixth Judicial District Court of St. Louis County, Minnesota, several judges of the District and the chief probation officer of the County, pursuant to 28 U.S.C. §§ 1343 and 1443, seeking to enjoin the alleged unconstitutional methodology employed by defendants in their handling of domestic relations cases. The District Court treated the complaint as a mandamus action and found that plaintiffs had an adequate remedy at law, i. e., an appeal from the challenged state court judgments,[1] and granted defendants' motion for summary judgment.

While pleadings in civil rights cases are to be liberally construed, see Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Cruz v. Cardwell, 486 F.2d 550 (8th Cir. 1973), they must contain more than mere conclusory statements and a prayer for relief. Wilson v. Lincoln Redevelopment Corp., 488 F.2d 339 (8th Cir. 1973); Stanturf v. Sipes, 335 F.2d 224 (8th Cir. 1964), cert. denied, 379 U.S. 977, 85 S.Ct. 676, 13 L.Ed.2d 567 (1965); cf. 2A J. Moore, Federal Practice ¶ 12.08 (2d ed. 1974).

Here the complaint simply recites a series of practices which allegedly have

1. The basis of our holding makes it unnecessary to pass upon this finding.

taken place in the Sixth Judicial District and requests relief.[2] While plaintiffs argue that these practices violate their constitutional rights, they set forth no facts in support of their allegations. Even viewing the complaint with the liberality normally accorded pro se pleadings, we conclude that it fails to meet the minimum standards upon which a claim of denial of constitutional rights must rest. *See Wilson v. Lincoln Redevelopment Corp., supra.*

We remand the case to the District Court with instructions to dismiss the complaint without prejudice.

2. Factual allegations in the complaint consist of the following:

Count # 1.

The above Court absolutely denies litigants Due Process of Law by: Denial of properly brought motion for jury trial by litigants; refusal in open court to cite authority by statutes to place a citizen in a civil action under jurisdiction of a Probation Department; refusal in open court to cite authority by statutes for probation Department to initiate legal actions against citizens in a civil suit. In effect State Courts manufactures criminals

Count # 2.

Above Court permits public employees (non-lawyers) employed by the Probation Department to make threats, practice extortion, process malicious prosecution, in fact practice law without a license. These Public employees are allowed to perpetrate fraud by manufacturing perjured affidavits for the Custodial parent to have notarized (sign under oath).

Above Court sets aside a special time on Monday afternoon, unknown to the general public (unannounced hearings), to hide the injustice perpetrated in this Kangaroo Style Court from the general public. Defendants in these actions are not even permitted to face his accuser in this Court room hearing.