**Richard W. STENE, Plaintiff,**

v.

**BERESFORD SCHOOL DISTRICT NO. 61–2 OF UNION COUNTY, SOUTH DAKOTA, et al., Defendants.**

**No. CIV76–4085.**

United States District Court,
D. South Dakota, S. D.

Feb. 14, 1977.

Charles Lacey, Sioux Falls, S. D., for plaintiff.

Robert B. Frieberg and Phillip O. Peterson, Frieberg & Frieberg, Beresford, S. D., John E. Simko, Woods, Fuller, Shultz & Smith, Sioux Falls, S. D., for defendants.

NICHOL, Chief Judge.

This is an action which seeks to enjoin the construction of a school building in Beresford, South Dakota. The plaintiff is an "elector and taxpayer", residing in Beresford. The defendants are the school district, the school board, and five of the seven members of the school board, who are sued both in their individual capacities and as members of the board. Plaintiff asserts jurisdiction under 42 U.S.C. section 1983, 28 U.S.C. section 1343(3), and 28 U.S.C. section 2283.

The complaint discloses the long and checkered history of the legal controversies surrounding the construction of a classroom facility in Beresford. The instant case apparently arose subsequent to plaintiff's unsuccessful attempts in state court to halt construction of the facility during the pendency of a state court action. Plaintiff has now requested this court to provide injunctive relief.

On October 21, 1976, this court entered an order denying plaintiff's request for a preliminary injunction. This decision was appealed to the Eighth Circuit Court of Appeals, which dismissed the appeal by an order dated November 19, 1976. Defendants have now moved to dismiss the complaint.

Defendants' motion to dismiss attacks the complaint on numerous grounds:

1) Lack of jurisdiction over the school district and the school board under 42 U.S.C. section 1983 and 28 U.S.C. section 1343(3).

2) Lack of jurisdiction for failure to allege the deprivation of any right under color of any state law, and failure to allege deprivation of any right, privilege, or immunity secured by the Constitution or any act of Congress.

3) Prior state decisions are res judicata as to the issues raised by the complaint.

4) Complaint requests that this court exercise appellate jurisdiction over state courts.

Because this court finds that the complaint does not sufficiently allege jurisdiction under 42 U.S.C. section 1983, the other bases urged for dismissal will not be considered.

■ 42 U.S.C. section 1983 protects persons from deprivations of federally-created rights, privileges, and immunities by actions taken under color of state laws. *Negrich v. Hohn,* 379 F.2d 213 (3rd Cir. 1967). Original jurisdiction over actions under section 1983 is vested in United States District Courts by 28 U.S.C. section 1343(3).

■■ It has been held that to state a cause of action under section 1983, "the plaintiff (must) allege facts which show: (1) That the defendants have acted under color of state law or authority; (2) that the defendants have deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States . . . ." *Sykes v. State of California (Dept. of Motor Vehicles),* 497 F.2d 197, 200 (9th Cir. 1974) (citations omitted); *Cohen v. Norris,* 300 F.2d 24 (9th Cir. 1962). It is well settled in the Eighth Circuit that the allegation of broad, conclusory statements without supporting facts is insufficient to state a claim under section 1983. *See Anderson v. Sixth Judicial District Court,* 521 F.2d 420 (8th Cir. 1975); *Wilson v. Lincoln Redevelopment Corp.,* 488 F.2d 339 (8th Cir. 1973); *Spears v. Robinson,* 431 F.2d 1089 (8th Cir. 1970); *Jenson v. Olson,* 353 F.2d 825 (8th Cir. 1965); *Stanturf v. Sipes,* 335 F.2d 224 (8th Cir. 1964).

In litigation involving section 1983, the court must liberally construe the pleadings. *Anderson v. Sixth Judicial District Court*, 521 F.2d 420 (8th Cir. 1975). Further, when a complaint is attacked for failure to state a claim, the pleading must be construed in the light most favorable to the plaintiff. *Wilson v. Lincoln Redevelopment Corp.*, 488 F.2d 339 (8th Cir. 1973). This court has carefully scrutinized the instant complaint in the light of these teachings, and finds that it fails to state a cause of action under section 1983. The complaint broadly alleges deprivation of feder-ally-created rights, but upon close examination it appears that plaintiff's real grievance is with the results of certain state court actions. *See Shakespeare v. Wilson*, 40 F.R.D. 500 (S.D.Cal.1966); *Sykes v. State of California (Dept. of Motor Vehicles)*, 497 F.2d 197 (9th Cir. 1974). While this court can perhaps sympathize with plaintiff's frustration, it cannot take jurisdiction where the complaint fails to allege a cause of action cognizable in federal court.

The complaint will be dismissed without prejudice. Defendants will draft an appropriate order.