**Jimmie Mae KING, Plaintiff,**

v.

**The HOUSING AUTHORITY OF the CITY OF HUNTSVILLE, ALABAMA et al., Defendants.**

**Civ. A. No. 79–W–5125.**

United States District Court,
N. D. Alabama,
Northeastern Division.

Sept. 3, 1980.

Norman Bradley, Legal Services of North–Central Ala., Inc., Huntsville, Ala., for plaintiff.

E. Cutter Hughes, Jr., Lanier, Shaver & Herring, Huntsville, Ala., for defendants.

## MEMORANDUM OPINION

McFADDEN, Chief Judge.

The plaintiff, a tenant in a low–income public housing project, brought this action for declaratory and injunctive relief under 42 U.S.C. § 1983 to prevent the defendants, The Housing Authority of the City of Huntsville, from initiating eviction procedures in state court against her without first affording a full administrative grievance hearing. The plaintiff alleges she has been denied due process of law and that the Department of Housing and Urban Development regulations regarding eviction procedures were not followed by the defendant Housing Authority. On July 31, 1979, this court temporarily enjoined the defendants from initiating eviction procedures in state court against the plaintiff. The matter is before the court on the plaintiff's and defendants' cross motions for summary judgment.

The facts are not in dispute. The plaintiff is a public housing tenant in Huntsville, Alabama. On or about June 13, 1979, the plaintiff received a letter dated June 12, 1979 from defendant Wallace terminating her tenancy. The stated reasons were the discharge of a firearm in the housing area and threats by the tenant and her family members against the life of another tenant. The letter further advised that plaintiff was not entitled to a grievance hearing but that she could have a private conference to discuss the reasons for the termination. On June 20, 1979, plaintiff's attorney wrote a letter to Wallace demanding a grievance hearing. This demand was denied. It is stipulated, however, that plaintiff or her attorney has been afforded an opportunity to view all relevant regulations, documents, and records relating to the plaintiff's termination. On June 27, 1979, Wallace mailed a written demand for plaintiff to quit and deliver up possession of her apartment within ten days. The issuance of this notice allows the defendant to file an unlawful detainer action in the Madison County District Court. See §§ 35–9–6 and 35–9–80, Alabama Code (1975).

The plaintiff's first argument is that her due process rights under the fourteenth amendment have been violated by the defendants' refusal to afford her an administrative hearing. The defendants contend that under the facts of this case, an administrative hearing is not required to meet due process.

In *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), the Supreme Court held that due process required adequate notice and a full adversary hearing prior to the termination of welfare benefits. In *Escalera v. New York City Housing Authority*, 425 F.2d 853 (2d Cir. 1970), and *Caulder v. Durham Housing Authority*, 433 F.2d 998 (4th Cir. 1970), it was held that the procedural safeguards of *Goldberg* must be afforded public housing tenants before the determination to evict them. The court in *Caulder* stated, at 1004:

Succinctly stated, *Goldberg* requires (1) timely and adequate notice detailing the reasons for a proposed termination, (2) an opportunity on the part of the tenant to confront and cross–examine adverse witnesses, (3) the right of a tenant to be represented by counsel, provided by him

to delineate the issues, present the factual contentions in an orderly manner, conduct cross–examination and generally to safeguard his interests, (4) a decision, based on evidence adduced at the hearing, in which the reasons for decision and the evidence relied on are set forth, and (5) an impartial decision maker.

These requirements are substantially incorporated in the HUD regulations applicable to federally subsidized public housing agencies. 24 C.F.R. § 866.53(c) (1979).

The state statutes in *Caulder* and *Escalera* were summary eviction statutes that did not provide the tenant with an opportunity to raise equitable defenses. The same was true in *Owens v. Housing Authority of City of Stamford*, 394 F.Supp. 1267, 1273 (D.Conn.1975), where the court stated:

> . . . Connecticut's summary process procedures do not provide housing authority tenants with a full opportunity to litigate against their landlord. As has been noted, the availability of federal constitutional defenses in state summary process is limited, and the opportunity for appeal to the Connecticut Supreme Court is circumscribed. Under these circumstances, where the state summary process is inadequate to provide full due process protections, administrative hearings prior to the institution of eviction proceedings are required. *Caulder v. Durham Housing Authority*, supra; see *Joy v. Daniels*, 479 F.2d 1236 (4 Cir. 1973); *Johnson v. Tamsberg*, 430 F.2d 1125 (4 Cir. 1970).

The result is different where state law requires a plenary court proceeding prior to eviction.

In *Johnson v. Tamsberg*, 430 F.2d 1125 (4th Cir. 1970), the court affirmed the district court's holding that a public housing tenant was not entitled to an administrative hearing where South Carolina law required an adversary hearing before a tenant could be evicted. The court found that in South Carolina public housing tenants were not actually evicted until due process was satisfied. *See also Joy v. Daniels*, 479 F.2d 1236 (4th Cir. 1973). In *Glover v. Housing Authority of City of Bessemer,*

*Alabama*, 444 F.2d 158 (5th Cir. 1971), the court cited *Tamsberg* stating that "In determining whether there is a *constitutional* right to an *administrative* hearing prior to eviction, the availability of a judicial hearing would be a factor to consider." 444 F.2d at 160–61 n. 4. In *Glover* the Fifth Circuit did not decide the procedural due process issue presented in *Caulder* and *Escalera* since the then applicable HUD regulations controlled.

In *Johnson v. Illinois Dept. of Public Aid*, 467 F.2d 1269 (7th Cir. 1972), the court held the Illinois Forcible Entry and Detainer Statute provided the plaintiff with due process in that the statute allowed constitutional and civil rights violations to be raised as defenses by the tenant. *See also McCray v. Good*, 384 F.Supp. 604 (S.D.Tex.1974).

In order to evict the plaintiff, the defendants are still required under Alabama law to institute either an unlawful detainer action or an action in the nature of unlawful detainer. *Ala.Code*, § 6–6–310 to –353 (1975) (unlawful detainer action); *Alabama Code* § 35–9–80 to –88 (1975) (action in the nature of unlawful detainer). In such trials, the landlord bears the burden of proving its allegations that the tenant is holding over after his right of possession has terminated. *Glenn v. Nixon*, 248 Ala. 569, 28 So.2d 718 (1947); *Garrett v. Reid*, 244 Ala. 254, 13 So.2d 97 (1943).

■ This court will not presume that the Alabama courts will not afford the plaintiff a due process hearing if eviction proceedings are filed against her. Since eviction must be obtained through judicial process, this court is of the opinion that the defendants' refusal to grant the plaintiff an administrative grievance hearing before her tenancy is terminated does not violate due process under the fourteenth amendment.

The plaintiff's next argument is that the applicable federal regulations do not permit the defendant to file a state court action seeking the plaintiff's eviction without first affording her the opportunity for a grievance hearing pursuant to the regulations issued by the Department of Housing and Urban Development.

Ordinarily, tenants who dispute the Housing Authority's action are entitled to an administrative hearing. 24 C.F.R. § 866.50, *et seq.* (1979). Section 866.51 provides:

(a) The PHA grievance procedure shall be applicable to all individual grievances as defined in § 866.53 of this Subpart between the tenant and the PHA, *Provided*, that in those jurisdictions which require that, prior to eviction, a tenant be given a hearing in court containing the elements of due process, as defined in § 866.53(d), the PHA may exclude from its procedure any grievance concerning an eviction or termination of tenancy based upon a tenant's creation or maintenance of a threat to the health or safety of other tenants or PHA employees.

The "elements of due process" defined in section 866.53 are as follows:

(c) "Elements of due process" shall mean an eviction action or a termination of tenancy in a State or local court in which the following procedural safeguards are required:

(1) Adequate notice to the tenant of the grounds for terminating the tenancy and for eviction;

(2) Opportunity for the tenant to examine all relevant documents, records and regulations of the PHA prior to the trial for the purpose of preparing a defense;

(3) Right of the tenant to be represented by counsel;

(4) Opportunity for the tenant to refute the evidence presented by the PHA including the right to confront and cross–examine witnesses and to present any affirmative legal or equitable defense which the tenant may have;

(5) A decision on the merits.

The plaintiff contends that under the regulations the opportunity for a grievance hearing may be withdrawn *only* if the State of Alabama requires, as a matter of law, that the tenant be afforded a court hearing containing the elements of due process *as defined by HUD* in 24 C.F.R. § 866.53(c) (1979).

The district courts of Alabama have jurisdiction over unlawful detainer actions. *Code of Alabama*, § 12–12–30 (1975). Rule 26(dc) of the Alabama Rules of Civil Procedure provides that discovery in the district courts of Alabama is within the discretion of the court. Thus, Alabama law does not *require* that the tenant be given an opportunity to examine all relevant PHA materials prior to the trial in the district court. The plaintiff insists that for this reason the definition of due process as defined in the regulations has not been complied with, and she is therefore entitled to an administrative grievance hearing before she can be evicted. This contention is without merit. This court is of the opinion that the Department of Housing and Urban Development does not have the power to impose its definition of due process on this court or the courts of Alabama. This is exclusively the province of the courts.

In *Powell v. McCormack*, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969), the Supreme Court held that an interpretation of the Constitution falls within the traditional role accorded courts to interpret the law. *See United States v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803).

In *Plato v. Roudebush*, 397 F.Supp. 1295 (D.Md.1975), the plaintiff challenged on due process grounds the notice and hearing procedures used by the Veterans Administration in connection with suspending veterans' pension benefits. The court held that constitutional interpretation remains primarily within the purview of the judiciary. The courts must decide for themselves what the Constitution means and that power cannot be shared with the executive. The court went on to state:

Accordingly, unlike with statutory review, a court is not limited to deciding whether the administrator's interpretation of constitutional provisions is arguable or rationally tenable. While respect must be accorded to the views of administrators, in constitutional matters, courts

must exercise their independent judgment.

397 F.Supp. at 1306.

In *Bowman v. County School Board of Charles City County, Va.*, 382 F.2d 326 (4th Cir. 1967), the Department of Health, Education and Welfare approved the school board's plan of desegregation. The court held that this was not determinative of the plan's constitutional validity. The court stated that while administrative guidelines, even those based on earlier opinions, may lend a persuasive gloss to a statute, the definition of constitutional standards controlling the actions of states and their subdivisions is peculiarly a judicial function.

In *Doe v. Israel*, 358 F.Supp. 1193 (D.R.I. 1973), *aff'd*, 482 F.2d 156 (1st Cir. 1973), *cert. denied*, 416 U.S. 993, 94 S.Ct. 2406, 40 L.Ed.2d 772 (1974), the court held that the Rhode Island abortion statute providing that human life commences at the instant of conception and that human life at the instant of conception is a "person" within the meaning of the fourteenth amendment was unconstitutional on its face. The court stated that the Rhode Island legislature did not have the power to determine what is a "person" within the meaning of the fourteenth amendment; such a question is purely a question of law for the courts.

This court is of the opinion that the Department of Housing and Urban Development does not have the power under the United States Constitution to impose its definition of due process on the Alabama state courts. The meaning of due process requires an interpretation of the constitution which is peculiarly a judicial function. "The very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation." *Cafeteria & Restaurant Workers Union, Local 473 v. McElroy*, 367 U.S. 886, 895, 81 S.Ct. 1743, 1748, 6 L.Ed.2d 1230 (1961). The definition of due process in 24 C.F.R. § 866.53 is an inflexible procedure. It is up to the Alabama state courts to decide, subject to review, of course, what process is due the tenant in this case.

This court is of the opinion that the defendant is entitled to initiate eviction proceedings in state court without first affording the plaintiff an administrative grievance hearing. Accordingly, there being no genuine issue of material fact, the defendants' motion for summary judgment is due to be granted, and the plaintiff's motion for summary judgment is due to be overruled.