**Jimmie Mae KING, Plaintiff-Appellant,**

**v.**

**The HOUSING AUTHORITY OF the CITY OF HUNTSVILLE, ALABAMA a Corporation, et al., Defendants-Appellees.**

No. 81–7105.

United States Court of Appeals, Eleventh Circuit.

March 15, 1982.

Rehearing Denied April 20, 1982.

Norman Bradley, Jr., Legal Services of North-Central Alabama, Inc., Edwin M. Hart, Huntsville, for plaintiff-appellant.

Lanier, Shavier & Herring, E. Cutter Hughes, Jr., Huntsville, Ala., for defendants-appellees.

Before TUTTLE, HILL, and JOHNSON, Circuit Judges.

HILL, Circuit Judge:

This is an appeal of the district court's order granting summary judgment in favor of appellees and the subsequent order denying appellant's motion to alter or amend the judgment. The sole issue raised in this appeal is whether appellee, the Housing Authority of the City of Huntsville (hereinafter, "Housing Authority"), is required by the regulations promulgated by the United States Department of Housing and Urban Development (hereinafter, "HUD") at 24 C.F.R. §§ 866.50–51 and § 866.53(c) to afford appellant, Jimmie Mae King (hereinafter "King") an administrative grievance hearing prior to proceeding in an action for eviction under Ala. Code §§ 35–9–80 through 88 (1975). For the reasons stated below we find that the Housing Authority is required to provide King with such a hearing. We therefore reverse and remand the judgment of the district court.

Appellant is a tenant in Sparkman Homes, a low-income housing project owned and operated by appellee, the Housing Authority, in Huntsville, Alabama. Sparkman Homes is subsidized by HUD and the Housing Authority.[1] On June 12, 1979, the Housing Authority gave King written notice that it was terminating her tenancy because she, or another member of her family was alleged to have discharged a firearm and threatened the life of another tenant in the project. The same notice informed King that she was not entitled to a grievance hearing on her termination.

King, nevertheless, made a timely request for a grievance hearing, which the Housing Authority denied. The Housing Authority then gave King a second notice demanding that she quit and deliver up the premises within ten days. The issuance of this notice allowed the Housing Authority to file a summary eviction action in state court.[2]

Faced with the threat of a summary eviction proceeding King brought an action in District Court seeking declaratory and injunctive relief under 42 U.S.C. § 1983 to prevent the Housing Authority from initiating the eviction proceedings in state court without first providing her with an administrative grievance hearing. King argued that the applicable HUD regulation, 24 C.F.R. § 866.50, requires that a tenant be given an opportunity for a hearing if the tenant disputes any action taken by the Housing Authority involving the tenant's lease.[3] King argued further that the only exception to this regulatory requirement occurs when the Housing Authority seeks to terminate a tenancy based upon the ten-

1. As a consequence of its receipt of certain HUD funds the Housing Authority is required to abide by certain obligations under the annual Contributions Contract, one of which is to adhere to the United States Housing Act of 1937, 42 U.S.C. § 1401 et seq. and the regulations promulgated thereunder. 42 U.S.C. §§ 1437c, 1437d.

2. Ala.Code § 35–9–1 et seq. (1975), popularly known as the Sanderson Act, authorizes eviction proceedings in the nature of an action in unlawful detainer. Section 35–9–6 allows a landlord to terminate a tenancy for breach of the lease by giving the tenant ten days' notice.

3. 24 C.F.R. § 866.50 reads:

The purpose of this subpart is to set forth the requirements, standards and criteria for a grievance procedure to be established and implemented by public housing agencies (PHA's) to assure that PHA tenants are afforded an opportunity for a hearing if the tenant disputes within a reasonable time any PHA action or failure to act involving the tenant's lease with the PHA or PHA regulations which adversely affect the individual tenant's rights, duties, welfare or status. The grievance procedure provided by this subpart shall be incorporated in the dwelling leases identified as subject to the provisions of Section 866.1 of Subpart A.

ant's creation or maintenance of a threat to the health or safety of other tenants or Housing Authority employees.[4] King contended that in such situations a tenant can be denied an administrative hearing only if the state eviction law requires that the tenant be given a judicial hearing with certain specified elements of due process.[5] King argued that Alabama law does not require two of the listed elements, the first being the right to notice of the grounds for eviction, and the second being the right to examine relevant documents and records prior to the eviction trial. King maintained that because these two elements of due process were not required by Alabama law the Housing Authority could not initiate an eviction action in state court without first giving King an administrative hearing.

There being no dispute as to the facts, King and the Housing Authority filed cross-motions for summary judgment. On August 28, 1980, the District Court rendered summary judgment for the Housing Authority and against King.

The District Court first held that the refusal of the Housing Authority to grant King an administrative hearing, prior to initiating eviction proceedings, does not violate due process under the fourteenth amendment.[6] The court stated that constitutional due process is provided King be-

cause Alabama law requires a plenary court proceeding prior to eviction. The court held further that HUD lacked the power to impose its definition of due process on the Alabama state court, since "[t]he meaning of due process requires an interpretation of the constitution which is peculiarly a judicial function." 496 F.Supp. at 804. The court thus concluded that HUD could not mandate that the Alabama state law require the elements of due process listed in 24 C.F.R. § 866.53.

On appeal King does not dispute the district court's holding that the Alabama state eviction procedures meet the due process requirements of the fourteenth amendment. King also does not dispute the fact that in this particular case she would be provided with all of the elements of due process enumerated in the HUD regulations. King does contest the court's holding that she is not entitled to an administrative grievance hearing prior to the initiation of the state eviction proceedings.

■■ We find that the Housing Authority must afford King an administrative hearing before the Authority is entitled to bring an action for eviction in Alabama state court. There is no question that HUD has the authority to promulgate regulations binding on all federally subsidized housing authorities. 42 U.S.C. § 3535(d). The

---

**4.** This exception is embodied in 24 C.F.R. § 866.51(a) which reads:

The PHA grievance procedure shall be applicable to all individual grievances as defined in § 866.53 of this subpart between the tenant and the PHA, *provided* that in those jurisdictions which require that, prior to eviction, a tenant be given a hearing in court containing the elements of due process, as defined in § 866.53(d), the PHA may exclude from its procedure any grievance concerning an eviction or termination of tenancy based upon a tenant's creation or maintenance of a threat to the health or safety of other tenants or PHA employees. (The reference to § 866.53(d) is a scrivener's error, as the "elements" referred to are actually set out in § 866.53(c).)

**5.** 24 C.F.R. § 866.53(c) enumerates the required elements of due process in the following manner:

"Elements of due process" shall mean an eviction action or a termination of tenancy in

a state or local court in which the following procedural safeguards are required:

(1) Adequate notice to the tenant of the grounds for terminating the tenancy and for eviction;

(2) Opportunity for the tenant to examine all relevant documents, records and regulations of the PHA prior to the trial for the purposes of preparing a defense;

(3) Right of the tenant to be represented by counsel;

(4) Opportunity for the tenant to refute the evidence presented by the PHA including the right to confront and cross-examine witnesses and to present any affirmative legal or equitable defense which the tenant may have;

(5) A decision on the merits.

**6.** *King v. Housing Authority of the City of Huntsville*, 496 F.Supp. 800, 802 (N.D.Ala. 1980).

scope of such regulations is left to the sound discretion of the Secretary of HUD. It is well established that these regulations can require subsidized housing authorities to afford tenants the opportunity for an administrative grievance hearing prior to initiating an eviction action in state court. *See Thorpe v. Housing Authority of the City of Durham,* 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969). The regulations can likewise stipulate the conditions under which the Housing Authority can by-pass the administrative hearing and proceed directly with an eviction in state court. 24 C.F.R. § 866.51(a) explicitly allows Housing Authorities to by-pass the administrative hearing in cases involving allegedly dangerous tenants, under the condition that the particular state eviction law require all of the elements of due process specified in 24 C.F.R. § 866.53(c). If this condition is not met a Housing Authority cannot deny a tenant an administrative hearing.

In the present case the condition is not met because Alabama law clearly does not require that a tenant be given an opportunity to examine all relevant documents, records and regulations of the Housing Authority prior to the eviction trial.[7] It is immaterial that the parties have stipulated that the Housing Authority will provide King with this discovery. 24 C.F.R. § 866.51(a) allows the Housing Authority to by-pass the administrative hearing only if state law *requires* that the discovery be granted. This regulation does not allow the hearing to be by-passed when the Housing Authority provides the tenant with discovery as a matter of grace, or when the state court provides the discovery as a matter of discretion.[8]

It also is immaterial that Alabama eviction proceedings comport with fourteenth amendment due process requirements. The

Secretary of HUD in his discretion can promulgate regulations which preclude subsidized housing authorities from denying tenants administrative hearings when state eviction proceedings do not require any "elements of due process" which are deemed necessary by the Secretary. This is so regardless of whether the regulatory elements of due process are constitutionally mandated. The fact that the HUD regulations may ultimately provide tenants with no greater due process protection than the tenants otherwise would be accorded by the state courts may indicate that the regulations are poorly conceived, but it does not indicate that they are invalid.

Finally, we should note that this case does not involve an attempt by HUD to impose its definition of due process on state courts. Contrary to the findings of the district court, the HUD regulations in no way purport to dictate the elements of due process which the state courts must provide in eviction proceedings. The regulations simply say that if state law does not require certain elements of due process in eviction proceedings, then the Housing Authority cannot deny the tenant an administrative grievance hearing prior to initiating an eviction action in state court. Once the tenant has been given an administrative hearing the Housing Authority is entitled to proceed against the tenant in state court, and the HUD regulations are inapposite to the due process standards adhered to by the state court.

The opinion of the district court is reversed and remanded. On remand the district court is instructed to enter summary judgment in favor of King thereby enjoining the Housing Authority from proceeding against King in state court without first

7. The Sanderson Act, Ala. Code §§ 35–9–80 through 88 (1975) contains no discovery provisions. The eviction proceeding authorized by this law is in the nature of an action in unlawful detainer, and as such is within the original jurisdiction of the Alabama district courts. Ala.Code §§ 12–12–30 (1975). Under Ala.R. Civ.P. 26(d, c), (1979) discovery in the Alabama

district courts lies within the discretion of the court.

8. Because Alabama law clearly does not require the right to discovery as specified in the HUD regulations we find it unnecessary to reach a determination on appellant's contention that Alabama law also does not require the right to notice as specified in the regulations.

**956**

granting her an administrative grievance hearing.

REVERSED and REMANDED.