HOLMES, Judge.
This is an eviction from public housing case.
After an ore tenus hearing, the trial court entered judgment in favor of the South Central Alabama Regional Housing Authority (housing authority) and the tenant was given seven days to vacate the property.
The tenant appeals and we reverse.
The dispositive issue on appeal is whether the tenant properly and timely requested a formal hearing as provided for by housing authority’s grievance and hearing procedures and federal regulations.
*688 Viewing the record with the attendant presumptions of correctness, we find the following is pertinently revealed.
The tenant, after several incidents of violence, was served with notice of her lease termination. This notice was dated August 2, 1983. Tenant requested and was granted an informal hearing under the grievance procedures of the housing authority.
An informal hearing was held on August 30, 1983, and a summary of that hearing was compiled and dated September 2, 1983.
This summary was received by tenant’s legal counsel on September 14, 1983. This testimony, with regard to “receipt” of the summary, by legal counsel’s secretary was uncontroverted. On September 19, a request for a formal hearing was typed and mailed to the housing authority. It is unknown as to when this request was actually received by the housing authority. A formal hearing was never held.
In January of 1984, tenant received notice to vacate her apartment within ten days. Tenant failed to move and this action was filed in district court. The district court held in favor of the housing authority. Appeal was taken to the circuit court, which similarly found for the housing authority.
In examining the case at bar it is clear that the tenant was due a full formal hearing upon making proper and timely request. See King v. Housing Authority of the City of Huntsville, 670 F.2d 952 (11th Cir.1982).
Our examination of the housing authority procedures for grievance hearings reveals the following:
If the complainant is not satisfied with the proposed disposition of the grievance pursuant to the informal discussion described above and if he desires a hearing on the grievance, he shall submit a written request for a hearing to the Authority within a reasonable time not to exceed (15) days after receipt of the written summary of discussion described above. (Emphasis supplied.)
Given this requirement for proper and timely notice, it is necessary to review the facts to determine if tenant did in fact give proper and timely notice.
It is undisputed that a summary of the informal hearing was compiled and dated September 2, 1983. However, testimony revealed that the summary letter was not “received” until September 14, 1983. A request for a formal hearing was typed and mailed to the housing authority on September 19, 1983. There was no evidence introduced as to when the request for a formal hearing was actually received by the housing authority.
Given the evidence outlined above it seems clear to this court that the tenant satisfied the housing authority procedures for requesting a formal hearing. Receipt of the summary of the informal hearing was received on the 14th of September. Thus, tenant was given fifteen days from the receipt of the summary to submit a formal request for a formal hearing. Evidence revealed that this request was mailed on the 19th of September, well within the time limit for requesting a hearing.
Therefore, in view of the above, we must reverse and remand this case for proceedings not inconsistent with the above.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.