**Ella Mae THORNTON, etc., et al., Plaintiffs,**

v.

**Mac S. BUTLER, etc., et al., Defendants.**

**Civ. A. No. 84–T–848–N.**

United States District Court, M.D. Alabama, N.D.

Jan. 2, 1990.

Robert J. Varley and Patricia E. Ivie, Legal Services Corp., Montgomery, Ala., for plaintiffs.

Thomas T. Gallion, III, Haskell, Slaughter & Young, Montgomery, Ala., for defendants.

Julian D. Butler, Butler & Royer, Huntsville, Ala., for defendant-intervenor Patterson.

## MEMORANDUM OPINION

MYRON H. THOMPSON, District Judge.

Plaintiffs charge in this class action lawsuit that two Alabama statutes, §§ 6-6-332 and 35-9-82 of the 1975 Alabama Code, which allow service of process in unlawful detainer actions to be made under certain circumstances by leaving notice of the action at the tenant's "usual place of abode," violate the due process clause of the fourteenth amendment to the United States Constitution.[1] This cause is now before the court on the plaintiffs' motion for summary judgment. For reasons discussed below, the court will grant the motion.

### I.

Plaintiffs Ella Mae Thornton, Latrece Wells, and SanJanetta Vason rent apartments in Montgomery, Alabama.[2] Each of the plaintiffs' landlords initiated unlawful detainer actions seeking repossession of the apartments. The Sheriff of Montgomery County effected service of process by leaving a copy of the process at each of the plaintiffs' apartments. Plaintiffs claim that they never saw the process, and that they did not learn of the eviction proceedings until it was too late to challenge them in a state court.

Plaintiffs have filed suit in this court challenging the two state statutes, §§ 6-6-332 and 35-9-82 of the 1975 Code of Alabama, which allow for service of process in unlawful detainer actions by merely leaving notice of the action at the tenant's residence.[3] They have named as a defendant the Montgomery County Sheriff, and the court has allowed the Sheriff of Madison County, Alabama to intervene as a defendant.[4] The court has certified a plain-

---

1. Plaintiffs have brought this lawsuit under 42 U.S.C.A. § 1983. They have invoked the court's jurisdiction pursuant to 28 U.S.C.A. §§ 1331, 1343.

   Plaintiffs also posit an alternative theory that the two statutes violate the equal protection clause of the fourteenth amendment. The court does not reach this claim.

2. Thornton rents an apartment in a public housing project, and Wells and Vason rent private housing.

3. On August 24, 1988, the court issued an order preliminarily enjoining the Montgomery County Sheriff from evicting Wells and Vason "based upon posted notice."

4. The named defendants are parties in their "official" capacities only.

tiff class consisting of "all tenants in the State of Alabama who have been, are now, or will be defendants in unlawful detainer actions in the state courts of Alabama and who have been, are now, or will be served process by means of posted notice pursuant to 1975 Alabama Code §§ 35–9–82 and 6–6–332, ... to be represented by named plaintiffs Ella Mae Thornton, Latrece Wells, and SanJanetta Vason."[5] The court has also certified a defendant class "consisting of all persons who have been, are now, or will be sheriffs, deputy sheriffs, constables, and deputy constables in the State of Alabama and, as such, are charged with the responsibility of serving process in unlawful detainer actions, ... to be represented by named defendant Mac S. Butler."[6]

## II.

■ Unlawful detainer is the most common statutory action used to obtain possession of real property.[7] It applies to tenants who hold over against landlords after there has been a termination of the tenancy and a demand for repossession. Any detention of property under these circumstances is an "unlawful detainer."[8]

5. The court certified a plaintiff class pursuant to Rule 23(a) & (b)(2) of the Federal Rules of Civil Procedure. *See* Orders of January 2, 1990, and March 28, 1988.

6. The court certified a defendant class pursuant to Rule 23(a) & (b)(2) of the Federal Rules of Civil Procedure. *See* Order of March 28, 1988. So as to provide all defendant class members with due process, the court required the then sole plaintiff, Ella Mae Thornton, to give notice of this lawsuit to all present members of the defendant class and to inform them that those dissatisfied with the representation by the Sheriff of Montgomery County could intervene as named defendants and could present to the court any defenses inadequately presented, or not already presented, by the Montgomery County Sheriff. The Sheriff from Madison County was the only one who responded to the notice and sought to intervene.

The defendant class members are included in the class in their official capacities only. *See* note 4, *supra.*

7. *See* G.S. McLeod, *Civil Actions at Law in Alabama 2d,* "Forcible Entry and Unlawful Detainer," §§ 14.01–14.07.

8. Section 6–6–310(2) of the 1975 Code of Alabama defines unlawful detainer as follows:

Alabama provides for two different unlawful detainer procedures. The first, which is brought under Title 6 of the 1975 Alabama Code, §§ 6–6–310 through 6–6–353, is plenary and allows a landlord to sue for not only possession but for past due rent as well under certain circumstances. The second, which is brought under Title 35 of the 1975 Code of Alabama, §§ 35–9–80 through 35–9–88, is a summary proceeding by which the landlord may quickly determine whether it is entitled to repossession of the leased premises. It may be initiated by a landlord's filing of an appropriate affidavit in state court.[9] Unless a tenant files a counter-affidavit with the sheriff within seven days of being served, the tenant forfeits her right to a hearing and may be evicted forthwith.[10]

Sheriffs, constables and their deputies are charged by Alabama law with the task of serving process under both Titles 6 and 35.[11] Section 35–9–82 of the 1975 Alabama Code provides that "It is sufficient to leave a copy of said writ or process ... at the defendant's usual place of abode,"[12] and

Where one who has lawfully entered into possession of lands as tenant fails or refuses, on 10 days' demand in writing after the termination of his possessory interest, to deliver the possession thereof to anyone lawfully entitled thereto, his agent or attorney.

9. 1975 Code of Alabama §§ 35–9–80, 35–9–81.

10. 1975 Code of Alabama §§ 35–9–82, 35–9–84. Under this summary procedure, a tenant is allowed only one day to effect an appeal from an order of eviction, and an appeal does not stay an eviction unless the tenant posts a bond in the amount of twice the yearly rental value of the premises. §§ 35–9–86, 35–9–87.

11. 1975 Code of Alabama §§ 6–6–333, 35–9–81.

12. Section 35–9–82 provides as follows:
It shall be the duty of the officer in whose hands the writ or process ... may be placed to serve a copy of same at once on the defendant, together with notice that after the expiration of seven days, said officer will proceed with the execution of such writ or process. It is sufficient to leave a copy of said writ or process and of said notice at the defendant's usual place of abode; and unless a counter affidavit ... is filed with said officer within that time, it shall then be his duty to proceed forthwith to execute said writ or process.

§ 6–6–332 contains similar language.[13] As a result, if a tenant in an unlawful detainer action is not at home when service of process is first attempted, the process server is not required by law to make a second attempt at personal service but may merely post the notice. And, according to the evidence, this is the usual practice of process servers in Montgomery County as well as in the rest of the state.[14]

### III.

■ As stated, plaintiffs charge that §§ 6–6–332 and 35–9–82 violate due process of law, to the extent the two sections allow for service of process by merely leaving notice of unlawful detainer actions at a tenant's residence. In *Greene v. Lindsey*, 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982), the United States Supreme Court observed, in essence, that an opportunity to be heard, which is fundamental to the notion of due process, is without substance unless one is informed that adverse proceedings are pending against her and one may thus choose for herself whether to appear or default, contest or acquiesce.[15] The *Greene* Court then concluded that a Kentucky statute, which provided that in unlawful detainer actions service of process may be made by posting a summons on the door of a tenant's apartment, violated the due process clause.[16]

In reaching this conclusion, the Court eschewed legal abstractions and looked to "the realities of the case" before it; the Court looked to the ability of the challenged notice statute "to inform people of the pendency of proceedings that affect their interests."[17] The Court found "notice by posting on the apartment door cannot be considered a 'reliable means of acquainting interested parties of the fact that their rights are before the courts.'"[18] "[N]otices posted on apartment doors in the area where these tenants lived," according to the Court, "were 'not infrequently' removed by children or other tenants before they could have their intended effect."[19] The Court found, in contrast, that "the mails provide an 'efficient and inexpensive means of communication' ... upon which prudent men will ordinarily rely in the conduct of important affairs."[20]

The two sections challenged here, §§ 6–6–332 and 35–9–82, are not in any significant measure different from the Kentucky statute, and, like the Kentucky statute, they do not provide a reliable means of informing tenants that unlawful detainer actions have in fact been initiated against them.[21] Indeed, the plaintiffs here claim that process served pursuant to these two sections failed to inform them of the unlawful detainer actions brought against them. Moreover, the *Greene* Court implicitly recognized the infirmity in the Alabama statutes when the dissent noted, without retort from the majority of the Court, that the two statutes were among several state statutes similar to the Kentucky statute

---

13. Section 6–6–332, after setting forth the form of notice of process to served by the sheriff, provides that:

> The notice must be served on the defendant at least six days before the return day of the process and may be served on him anywhere within the state. The return of the service thereof by any sheriff or constable of the state is sufficient, or proof of the fact may be made before the judge. It is sufficient to leave a copy thereof at his usual place of abode.

14. *See* Stipulations of the Parties.

15. 456 U.S. at 449, 102 S.Ct. at 1877.

16. *Id.* at 456, 102 S.Ct. at 1881.

17. *Id.* at 451, 102 S.Ct. at 1879.

18. *Id.* at 453–54, 102 S.Ct. at 1880 (*quoting Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 315, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)).

19. *Greene,* 456 U.S. at 453, 102 S.Ct. at 1879–80 (footnote omitted).

20. *Id.* at 455, 102 S.Ct. at 1880 (*quoting Mullane,* 339 U.S. at 319, 70 S.Ct. at 659).

21. In their stipulations, nos. 14–20, the parties recognized a similar unreliability in the Alabama statutes. *See also Sterling v. Environmental Control Board of the City of New York,* 793 F.2d 52, 56 (2d Cir.) ("Notices posted on exterior doors of urban multiple residences may well disappear quickly due to forces human or natural"), *cert. denied,* 479 U.S. 987, 107 S.Ct. 579, 93 L.Ed.2d 582 (1986).

and thus covered by the majority opinion.[22]

The defendants nevertheless offer several arguments in opposition to the plaintiffs' due process claim. First, the defendants argue that the landlord-tenant relationship is unique, justifying special summary treatment inapplicable to other litigation. They note that in *Lindsey v. Normet,* 405 U.S. 56, 72–73, 92 S.Ct. 862, 873–74, 31 L.Ed.2d 36 (1972), the Supreme Court wrote:

> There are unique factual and legal characteristics of the landlord-tenant relationship that justify special statutory treatment inapplicable to other litigants. The tenant is, by definition, in possession of the property of the landlord; unless a judicially supervised mechanism is provided for what would otherwise be swift repossession by the landlord himself, the tenant would be able to deny the landlord the rights of income incident to ownership by refusing to pay rent and by preventing sale or rental to someone else. Many expenses of the landlord continue to accrue whether a tenant pays his rent or not. Speedy adjudication is desirable to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property.

The *Greene* Court, however, expressly rejected this argument as a basis for dispensing with the requirements of due process: that "[s]uch proceedings are designed to offer an expeditious means of determining who is entitled to retain possession of an apartment ... hardly explains why we may dispense with the constitutional requirement of adequate notice."[23] "After all," the Court continued, "detainer proceedings, while in some sense 'summary,' are *proceedings* in which issues of fact and law

are to be resolved, and important interests in property determined."[24]

■ The defendants argue next that a landlord should be able to resort to the notice provisions of §§ 6–6–332 and 35–9–82 where the tenant has abandoned the premises. This argument misses the mark for two reasons. First of all, there is no evidence that the plaintiffs here abandoned their apartments. But, second and more importantly, if a tenant has abandoned the leased premises then there is no need to resort to an unlawful detainer action; the landlord may simply retake possession of the premises peaceably. The two unlawful detainer actions described above, according to their own terms, may be used only if the tenant is unlawfully "holding over."[25]

The defendants finally argue that the named plaintiffs had actual notice that eviction proceedings were "imminent." First, they observe that Alabama's unlawful detainer statutes require in most circumstances that, as a condition to initiation of a legal action, a landlord must give notice of terminating tenancy followed by a second notice requiring the tenant to surrender possession;[26] they further observe that it is the practice in Montgomery County to include in the private notices a statement to the effect that legal proceedings "may" or "will" be initiated. Second, they maintain that Thornton had notice that she was about to be evicted because she attempted to use the grievance procedures contained in 24 C.F.R. § 966.5 (1989). Thornton apparently requested a grievance conference but never received one because her project manager was out of town.[27]

■ The defendants again miss the point of the plaintiffs' challenge. The statement that a tenant "may," or even "will," be sued is not equivalent to informing the tenant, first, that legal proceedings have *in*

22. 456 U.S. at 458 & n. 1, 102 S.Ct. at 1882 & n. 1 (O'Connor, J., with whom Burger, C.J., and Rehnquist, J., join, dissenting).

23. 456 U.S. at 451 n. 4, 102 S.Ct. at 1878 n. 4.

24. *Id.* (emphasis in original).

25. *See* note 8, *supra.*

26. *See* note 8, *supra.* *See also* G.S. McLeod, *Civil Actions at Law in Alabama 2d,* "Forcible Entry and Unlawful Detainer," § 14.03 (giving sample notices).

27. *See King v. Housing Authority of the City of Huntsville,* 670 F.2d 952 (11th Cir.1982) (discussing § 966.5, previously known as § 866.5)

*fact* been initiated against her and, second, that her short time to take appropriate action to arrest immediate eviction has now begun to run.[28]

Moreover, it is ironic that the defendants would include in their arguments the entitlement of private and public tenants to private notices and a public tenant's entitlement to a § 966.5 conference. In those instances where a tenant has not received notice of an eviction proceeding due to inadequate service of process and a landlord has also failed to give the required private notices, a tenant would, through no fault of her own, be deprived of the opportunity to raise the private notice requirement as a valid defense to eviction.[29] Similarly and more specifically, because Thornton lost the right to challenge the unlawful detainer action filed against her due to inadequate service of process, she also lost the opportunity to assert the legal defense that she was denied a § 966.5 grievance conference.

### IV.

As prevailing parties, the plaintiffs are entitled to a declaration that §§ 6-6-332 and 35-9-82 of the 1975 Code of Alabama, to the extent the two statutes allow for service of unlawful detainer actions by merely leaving notice of the actions at a tenant's "usual place of abode," violate the due process clause of the fourteenth amendment to the United States Constitution. The court will also permanently enjoin the defendant class—that is, all 67 sheriffs of the state or their equivalents—from effecting service of process under these two statutes. The court will finally require that all named parties submit to the court a joint proposal as to how the court is to notify the defendant class of this memorandum opinion and of the injunction entered by the court.

The defendants seemingly invite this court to issue a declaration expressly approving of service of process by certified mail. They correctly note that, in *Greene*, the Supreme Court observed:

> Notice by mail in the circumstances of this case would surely go a long way toward providing the constitutionally required assurance that the State has not allowed its power to be invoked against a person who has had no opportunity to present a defense despite a continuing interest in the resolution of the controversy.

456 U.S. at 455, 102 S.Ct. at 1880. This court declines the invitation, as did the Supreme Court in *Greene*. This court simply holds that the notice allowed by §§ 6-6-332 and 35-9-82 is constitutionally inadequate. "It is not [this court's] responsibility to prescribe the form of service that the [state] should adopt."[30]

An appropriate judgment will be entered.

### JUDGMENT AND INJUNCTION

In accordance with the memorandum opinion entered this date, it is the ORDER, JUDGMENT, and DECREE of the court:

(1) That the motion for summary judgment filed by plaintiffs Ella Mae Thornton, Latrece Wells, and SanJanetta Vason be and it is hereby granted, and that judgment is entered in favor of the plaintiff class, including the named plaintiffs, and against the defendant class, including the named defendants;

(2) That §§ 6-6-332 and 35-9-82 of the 1975 Code of Alabama be and they are hereby DECLARED to be in violation of the due process clause of the fourteenth amendment to the United States Constitution to extent they allow for service of unlawful detainer actions by merely leav-

---

**28.** *See Greene*, 456 U.S. at 449, 102 S.Ct. at 1877 (the "right to be heard has little reality or worth unless one is informed that the matter is *pending*") (*quoting Mullane*, 339 U.S. at 314, 70 S.Ct. at 657) (emphasis added).

**29.** As with process, Alabama law allows these private notices to be served by merely leaving them at the tenant's residence. Thus, service of

these notices in the manner allowed by law would not remedy the defect found here. The Montgomery County Sheriff contends, however, that in his county landlords usually serve such notices by mail.

**30.** *Id.* at 455 n. 9, 102 S.Ct. at 1880 n. 9.

ing notice of the action at a tenant's "usual place of abode";

(3) That the sheriffs or their equivalents of all 67 counties of the State of Alabama, their officers, agents, servants, and employees, and those persons in active concert or participation with them who receive actual notice of this injunction by personal service or otherwise, be and they are each hereby PERMANENTLY ENJOINED and RESTRAINED from effecting service of process under these two Alabama statutes as indicated in the preceding paragraph;

(4) That all parties be and they are hereby DIRECTED to submit to the court by January 5, 1990, a joint proposal as to how this court is to notify all 67 county sheriffs or their equivalents of the memorandum opinion and judgment and injunction entered by the court today; and

(5) That the plaintiffs be and they are hereby allowed 28 days to file their request for reasonable attorney's fees.

It is further ORDERED that the clerk of the court issue a writ of injunction.

It is further ORDERED that costs be and they are hereby taxed against the defendant class, including the named defendants, for which execution may issue.